United States District Court
Southern District of Texas
**ENTERED**
September 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **FELIPE DE JESUS MOJICA AGUIRRE,** Petitioner, | § | |
| v. | § | Civil Action No. **1:26-cv-954** |
| **EL VALLE DETENTION FACILITY**, 1800 Industrial Dr Raymondville TX 78580, Respondent. | § | |

## NOTICE AND ORDER

Before the Court is Petitioner Felipe De Jesus Mojica Aguirre's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("§ 2241 Petition"[1]). Dkt. No. 1. As discussed below, Mojica Aguirre's § 2241 Petition is deficient as filed; it does not list a proper respondent. *See generally id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at *4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian). The Court, then,

[1] Information obtained from Mojica Aguirre's § 2241 Petition. *See* Dkt. No. 1. Mojica Aguirre's A-number is "A-216297289". Dkt No. 1 at 1. Mojica Aguirre does not provide his country of origin.

notes that the proper respondent is the custodial officer of the facility where Mojica Aguirre is detained. *See Rumsfeld*, 542 U.S. at 435.

Here, Mojica Aguirre lists "El Valle Detention Facility 1800 Industrial Dr Raymondville TX 78520" as the respondent. Dkt. No. 1 at 1. Mojica Aguirre's custodian would appear to be the warden of El Valle Detention Facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner).

The Court has reviewed the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026). The Court views the Fifth Circuit's opinion as precluding claims based on the application of 8 U.S.C. §§ 1225 and 1226. The Court further views the Supreme Court's decision in *Demore v. Kim*, 538, U.S. 520 (2003) to preclude claims that detention pending removal proceedings without an individualized bond hearing violates the Fifth Amendment Due Process Clause. In his § 2241 Petition, Mojica Aguirre fails to state under which statutory authority he is detained during his removal proceedings.

Mojica Aguirre is **ORDERED** to file an amended § 2241 Petition that names a proper respondent as discussed above. Further, in his amended § 2241 Petition, Mojica Aguirre shall inform the Court the statute under which he is being detained. Mojica

Aguirre shall file his amended § 2241 Petition **no later than 21 days from receipt of this Order**.

Mojica Aguirre is further **NOTIFIED** that if he fails to comply with the Court's Order, his case may be scheduled for dismissal. FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, F.3d 438, 440 (5th Cir. 2016) (the Court may sua sponte dismiss under Rule 41(b)).

**SO ORDERED.**

**SIGNED** on this **1st** day of **September, 2026,** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**